'AULTMAN, MILLER & Co., Respondent, vs. CONNORS and another, Appellants.

*May 12—June 10, 1904.*

'*Account stated: Surcharging: Promissory notes as payment or as collateral security?*

In the statement of an account between a corporation and its sales agents, certain notes, designated "sundry notes as collateral on machine account" were turned over to the corporation and were treated as a payment, their face value being credited to the agents in determining the balance due from them to the corporation. In a subsequent action by the corporation upon account stated, the agents admitted the stating of the account, but claimed an overpayment thereon and demanded judgment for the excess. *Held,* that upon such pleadings the account could not be surcharged. Defendants were not entitled to a further credit of the sums collected by the plaintiff on said notes, nor could plaintiff recover from them the amount by which such collections fell short of the face value of the notes.

'APPEAL from a judgment of the circuit court for Polk county: A. J. VINJE, Circuit Judge. *Modified and affirmed.*

Respondent is a corporation engaged in the manufacture of farming implements at Akron, Ohio. The appellants, at the time in question, were a copartnership under the firm name of Connors & Seeds, doing business at the village of St. Croix Falls, Wisconsin. In the month of April, 1891, appellants entered into an agreement with respondent by which they were to represent respondent in the sale of its farm implements and articles used in connection therewith at the village of St. Croix Falls and in the vicinity. During the season of 1891, respondent delivered farm implements, extras, and binding twine to appellants under this contract, upon the orders of appellants, amounting in the aggregate to the sum of $1,851.68. The parties made a settlement and stated their accounts on September 29, 1891, wherein it was mutually agreed that there remained due respondent the sum of

$701.80. This settlement was accepted, omissions and errors excepted. On October 8, 1891, appellants turned over, and respondent received, notes, as payment on the account, to the amount of $387, which left a balance on account of $314.80. Respondent brought an action in 1901, alleging a settlement of the transaction, and that there was an agreed balance due on the accounts as stated on September 29, 1891. They admitted payment by notes on October 9, 1891, to the amount of $387. Appellants answered and counterclaimed, alleging an overpayment on the amount due, and that this overpayment resulted from collections made by respondent on notes turned over to it as collateral.

The cause was referred to H. P. Burdick, as referee, to hear, try, and determine, who reported on June 14, 1901, that appellants had overpaid respondent on the whole transaction to the amount of $108.59. This report was affirmed by the court, and judgment awarded in appellant's favor. The order affirming the report and the judgment were subsequently vacated and set aside by order of the court, and the cause re-referred to H. P. Burdick to hear, try, and determine the issues. He filed his report as referee on December 19, 1901, finding that appellants had overpaid the amount due respondent in the sum of $137.28. The court thereafter modified the report, finding that appellants were indebted to respondent in the sum of $323.73, with interest from September 29, 1891, and ordered judgment for this sum and costs. Judgment was entered accordingly against appellants, and from this they appeal.

*Frank B. Dorolhy*, for the appellants.
*Charles S. Cairns*, for the respondent.

SIEBECKER, J. This is an action by respondent upon an account stated. It is alleged that the parties to the action on September 29, 1891, had a settlement of their monetary transactions, they stated an account, and that it was found that ap-

pellants were indebted to respondent in the amount specified in the settlement and accounting, which they agreed to pay. Appellants admitted the settlement and the stating of the account, but claimed that they had paid in excess of the sum due, and they demanded judgment for such excess under their counterclaim. There is no dispute as to the items covered by the accounting and a subsequent payment of $387 by notes. The controversy arises as to an item of $461.01, designated "sundry notes as collateral on machine account."

It appears that, at the time of the accounting, appellants turned over to respondent sixteen notes, which on their face equaled the amount of the item in dispute. The amount of this item was credited to appellants in fixing the balance due respondent in the settlement, and they thereby treated the notes as a payment, instead of a deposit collateral to the debt. Since respondent brought this action on account stated, and these notes were treated as a payment on account when the settlement was made, it must be held to have received them as a payment, and they cannot be treated as collateral to the balance due. Under this state of the transaction between the parties, it must follow that respondent is not in a situation to seek relief by way of surcharging the account stated.

The referee properly found that the balance due on the account sued on at the time of the settlement was $701.80. He further found that there had been collected by respondent the sum of $101.79 on collateral notes, which had not been credited in stating the account, and which should be applied as a payment. There is no dispute as to the payment of $387 in notes on October 9, 1891. Crediting these amounts, there remained an unpaid balance of $213.01.

The referee also found that respondent had collected the sum of $350.29 on the sixteen notes turned over by appellants as collateral to their indebtedness on the machine account, and he credited this amount as a payment on the debt. He evidently erred in treating this sum as an additional pay-

ment by appellants, for it appears that the amount thus collected on notes was realized by respondent on the sixteen notes turned over to them on the day of settlement and accounting, which were in fact included as a payment in striking the balance due on the stated account upon which this suit is brought. This error of the referee in crediting the sum realized on these notes as a payment by appellants resulted in producing a loss to respondent equal to the sum so collected on these notes. This item should not be credited to appellants, because they had received the benefit of the notes as a payment when making the settlement.

The court refused to confirm the referee's report, and proceeded to restate the account of the parties as of September 29, 1891, without any amendment of the complaint, which alleges a cause of action on account stated, admitted by appellants, who claimed an overpayment and demanded judgment therefor under their counterclaim. Under this state of the pleading and the issues, the court was not empowered to surcharge the account upon any grounds. There is no allegation of fraud or mistake concerning the settlement and stated account, and no such question arose upon the issues in the case. Upon the evidence as reported by the referee, his finding should have been corrected to the effect that the item of $350.29, collected on notes by respondent and credited by the referee as a payment after the settlement, be modified by disallowing it, and by finding that there was a balance due respondent on the stated account, when action was brought, in the sum of $213.01, with interest from October 9, 1891.

It is contended that no competent evidence was adduced to show that the sum of $350.29 collected on notes was realized on the notes applied as a payment on the machine account in the settlement of September, 1891. There is direct testimony to this effect sustaining the finding of the referee. It is therefore immaterial that some corroborating evidence

of a secondary nature was received upon this subject. We find sufficient competent evidence to sustain this finding.

*By the Court.*—The judgment is modified by reducing the damages to $374.90, and the total to $477.03, and as so modified the judgment is affirmed; appellants to recover costs in this court.